**Form 149**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

In re:

**Kelley C Rayba**
Debtor(s)

Bankruptcy Case No.: 18–70618–JAD
Issued Per Nov. 9, 2018 Proceeding
Chapter: 13
Docket No.: 33 – 15
Concil. Conf.: March 28, 2019 at 02:30 PM

**ORDER OF COURT CONFIRMING PLAN AS MODIFIED**
**AND SETTING DEADLINES FOR CERTAIN ACTIONS**

*(1.) PLAN CONFIRMATION:*

    IT IS HEREBY ORDERED that upon consent of the Debtor(s), the Chapter 13 Plan dated September 21, 2018 is CONFIRMED as modified at the Plan confirmation hearing. Terms of the Plan not expressly modified by this Order remain in full force and effect. A copy of this Plan was previously mailed to you. *Only those provisions which are checked below apply to this case:*

☐ A. For the remainder of the Plan term, the periodic Plan payment is amended to be $ as of . Debtor(s)' counsel shall file a motion to amend the income attachment order within seven (7) days of the date of this Order.

☐ B. The length of the Plan is increased to a total of months. This statement of duration of the Plan is an approximation. The Plan shall not be completed until the goals of the Plan have been achieved. The total length of the Plan shall not exceed sixty (60) months.

☑ C. Plan confirmation is on an interim basis only as a form of adequate protection. The Trustee is authorized to distribute to secured and priority creditors with percentage fees. *A final plan conciliation conference will be held on Mar. 28, 2019 at 02:30 PM, in 3251 U.S. Steel Tower, 600 Grant Street, Pittsburgh, PA 15219.* If the Parties cannot resolve all disputes at the conciliation conference, a hearing will be scheduled and orally announced at the conclusion of the conference without any further written notice to any party. Parties are directed to monitor the Court's docket and read the Chapter 13 Trustee's minutes of the conciliation conference to the extent such parties desire more information regarding the outcome of the conciliation conference.

☐ D. Plan confirmation is subject to the resolution of all actions to determine the avoidability, priority, or extent of liens; including determination of the allowed amount of secured claims under *11 U.S.C. §506*, disputes over the amount and allowance of claims entitled to priority under *11 U.S.C. §507*, and all objections to claims.

☐ E. The allowed claims of general unsecured creditors shall be paid from available funds on a pro rata basis, which may represent an increase or decrease in the amount projected in the Plan.

☐ F. shall be paid monthly payments of $ beginning with the Trustee's distribution and continuing for the duration of the plan term, to be applied by that creditor to it's administrative claim, budget payments and/or security deposit. These payments shall be at the third distribution level.

☐ G. The claims of the following creditors shall govern as to amount, classification and rate of interest (or as otherwise noted), unless the Debtor(s) successfully objects to the claim: .

☑ H. Additional Terms: Only counsel for a Johnstown Debtor(s) in the Johnstown area may participate in plan conciliation conferences by telephone. Counsel for the Debtor outside of the Johnstown area may appear telephonically, ONLY IF Counsel for the Debtor is responsible for originating the telephone call to the Chapter 13 Trustee's meeting room, by calling, 412–258–3557 at the time designated for the conciliation conference. If applicable as stated above, any party filing an objection to the plan must make arrangements with counsel for the Debtor to be included in the call, utilizing a third–party conference call service if necessary. The call shall not be placed to the Trustee's meeting room until AFTER all parties have been

connected to the call. Only the parties who file and serve timely objections will be included in the telephonic hearing.

*(2.)*   *IT IS FURTHER ORDERED THAT THE FOLLOWING DEADLINES ARE ESTABLISHED:*

**A.**   **Objections to the Plan.** Pursuant to *Fed.R.Bankr.P. 2002(b)*, this Order shall not become final for a period of twenty−eight (28) days. Any party in interest with an objection to any provision of this Confirmation Order must file a written objection within that twenty−eight (28) day period. Failure to timely object shall be deemed a waiver of all objections and an acceptance of the provisions of this confirmed Plan. The Trustee may disburse funds pursuant to this confirmation order upon it's entry.

**B.**   **Applications to retain brokers, sales agents, or other professionals.** If the Plan contemplates sales of assets or litigation proceeds as a source of funding, Debtor(s) shall file motion(s) to employ the necessary professionals within thirty (30) days hereof.

**C.**   **Review of Claims Docket and Objections to Claims.** Pursuant to *W.PA.LBR 3021−1(c)(2)*, the Debtor or Debtor's attorney, if represented, shall review the proofs of claim filed and shall file objections to any disputed claims within ninety (90) days after the claims bar date or, for late filed or amended claims, within ninety (90) days after they are filed and served. Absent an objection, the proof of claim will govern as to the classification and amount of the claim. Objections filed after the ninety (90) days specified herein shall be deemed untimely.

**D.**   **Motions or Complaints Pursuant to §§506, 507 or 522.** All actions to determine the priority, avoidability, or extent of liens, all actions pursuant to *11 U.S.C. §§506, 507 and 522* shall be filed within ninety (90) days after the claims bar date.

**E.**   **Filing Amended Plans.** Within fourteen (14) days after the Bankruptcy Court resolves the priority, avoidability, or extent of a lien, or any objection to claim, the Debtor(s) shall file an amended Plan to provide for the allowed amount of the claim if the allowed amount differs from the amount stated in the plan. Debtor(s) shall also file an amended Plan within thirty (30) days after the claims bar date(s) in the event that no objection is filed and the claim(s) as filed causes the Plan to be underfunded.

*(3.)* **IT IS FURTHER ORDERED THAT:**

**A.**     After the claims objection deadline, the Plan shall be deemed amended to conform to the claims filed or otherwise allowed. If the Plan expressly modified the terms of payment to any creditor pursuant to *11 U.S.C. §1322(b)(2)*, nothing in this Order shall be construed to change the payment terms established in the Plan.

**B.**     Any creditor who files or amends a proof of claim shall serve a copy on the Debtor(s) or counsel for the Debtor(s).

**C.**     Any creditor whose payment changes due to variable interest rates, change in escrow, or change in monthly payments, shall notify the Trustee, Debtor(s)' counsel and Debtor(s) at least twenty−one (21) days prior to the change taking effect.

**D.**     Debtor's counsel must file a fee application in accordance with *W.PA.LBR 2016−1* before attorney fees in excess of the "no look" provision (including retainer) will be allowed or paid.

**E.**     The Trustee shall file a *Certificate of Default and Request for Dismissal* of the case in the event of a material Plan default. If the default involves failure to make a plan payment the case will result in dismissal without further hearing upon filing and service of an *Affidavit of Default* by the Trustee. The Trustee is not precluded from raising pre−confirmation defaults in any subsequent motion to dismiss.

**F.**     In the event that any order is entered in this case granting relief from the automatic stay to a secured creditor, then the Trustee shall make no further disbursements to any creditor on account of any *secured claim* that is secured by the subject property, unless directed otherwise by further Order of Court.

Dated: November 16, 2018

<u>Jeffery A. Deller</u>
United States Bankruptcy Judge

cc:  All Parties in Interest to be served by Clerk in seven (7) days

United States Bankruptcy Court
Western District of Pennsylvania

In re:                                                                    Case No. 18-70618-JAD
Kelley C Rayba                                                            Chapter 13
        Debtor

## CERTIFICATE OF NOTICE

District/off: 0315-7          User: jhel              Page 1 of 2             Date Rcvd: Nov 16, 2018
                              Form ID: 149            Total Noticed: 30

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Nov 18, 2018.
```
db              +Kelley C Rayba,    248 3rd Avenue,    Hastings, PA 16646-5609
14909388        +Aas Debt Recovery Inc,    Po Box 129,    Monroeville, PA 15146-0129
14909389        +Aes/Barclays Bank Plc,    Po Box 61047,    Harrisburg, PA 17106-1047
14935067        +Conemaugh Memorial Medical Center,    Po Box 603396,    Charlotte, NC 28260-3396
14909397         Enhanced Recovery,    804 Bayberry Road,    Jacksonville, FL 32256
14925828        +First National Bank of Pennsylvania,    C/O AAS Debt Recovery, Inc.,
                  2526 Monroeville Blvd. Ste. 205,    Monroeville, PA 15146-2371
14909399        +First Premier Bank,    P.O. Box 5529,    Sioux Falls, SD 57117-5529
14909401        +KML Law Group, P.C.,    Suite 5000-BNY Independence Center,    701 Market Street,
                  Philadelphia, PA 19106-1538
14909406        +Newmillenniu,    15935 Whittier Blv Suite A3,    Whittier, CA 90603-2500
14925238        +PHEAA,    PO Box 8147,    Harrisburg, PA 17105-8147
14909408       #+Penn Credit Corporatio,    916 S 14th St,    Harrisburg, PA 17104-3425
14909410        +Santander Consumer USA,    P.O. Box 660633,    Dallas, TX 75266-0633
14909411        +Select Portfolio Servicing,    10401 Deerwood Park Boulevard,    Jacksonville, FL 32256-5007
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
14909390        +E-mail/Text: bnc-applied@quantum3group.com Nov 17 2018 02:30:22     Applied Bank,
                  660 Plaza Dr,    Newark, DE 19702-6369
14909391        +E-mail/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM Nov 17 2018 02:29:32     Comenity Bank/Fashbug,
                  Po Box 182272,    Columbus, OH 43218-2272
14909392        +E-mail/Text: bankruptcy_notifications@ccsusa.com Nov 17 2018 02:30:47     Credit Coll,
                  Po Box 9134,    Needham, MA 02494-9134
14909393        +E-mail/Text: bankruptcy_notifications@ccsusa.com Nov 17 2018 02:30:47
                  Credit Collections Services,    725 Canton Street,    Norwood, MA 02062-2679
14909395        +E-mail/Text: abovay@creditmanagementcompany.com Nov 17 2018 02:30:23     Credit Management Co,
                  2121 Noblestown Road,    Pittsburg, PA 15205-3956
14909394        +E-mail/Text: abovay@creditmanagementcompany.com Nov 17 2018 02:30:23     Credit Management Co,
                  2121 Noblestown Rd,    Pittsburgh, PA 15205-3956
14909398        +E-mail/Text: bankruptcy.notices@hdfsi.com Nov 17 2018 02:30:31     Esb/Harley Davidson Cr,
                  Po Box 21829,    Carson City, NV 89721-1829
14909400         E-mail/Text: JCAP_BNC_Notices@jcap.com Nov 17 2018 02:30:13     Jefferson Capital Syst,
                  16 Mcleland Rd,    Saint Cloud, MN 56303
14920729         E-mail/PDF: resurgentbknotifications@resurgent.com Nov 17 2018 02:36:01
                  LVNV Funding, LLC its successors and assigns as,     assignee of MHC Receivables, LLC,
                  Resurgent Capital Services,    PO Box 10587,    Greenville, SC 29603-0587
14909402        +E-mail/PDF: resurgentbknotifications@resurgent.com Nov 17 2018 02:36:29     Lvnv Funding Llc,
                  Po Box 10497,    Greenville, SC 29603-0497
14909403        +E-mail/Text: wfmelectronicbankruptcynotifications@verizonwireless.com Nov 17 2018 02:29:05
                  Mci,    500 Technology Dr Ste 30,    Weldon Spring, MO 63304-2225
14909404        +E-mail/Text: bankruptcydpt@mcmcg.com Nov 17 2018 02:30:00     Midland Funding,
                  8875 Aero Dr Ste 200,    San Diego, CA 92123-2255
14909405        +E-mail/PDF: pa_dc_claims@navient.com Nov 17 2018 02:36:51     Navient,    Po Box 9655,
                  Wilkes Barre, PA 18773-9655
14909714        +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Nov 17 2018 02:36:48
                  PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
14909409        +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Nov 17 2018 02:35:57
                  Portfolio Recovery Ass,    120 Corporate Blvd Ste 1,    Norfolk, VA 23502-4952
14948451         E-mail/Text: jennifer.chacon@spservicing.com Nov 17 2018 02:30:55
                  The Bank of New York Mellon,    c/o Select Portfolio Servicing, Inc.,    P.O. Box 65250,
                  Salt Lake City, UT 84165-0250
14942946         E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM Nov 17 2018 03:00:42     Verizon,
                  by American InfoSource as agent,    PO Box 248838,    Oklahoma City, OK  73124-8838
                                                                                                TOTAL: 17
```

```
                ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr               Select Portfolio Servicing as servicer for The Ban
14909396         David P. Rayba
cr*             +PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
14935089*       +Conemaugh Memorial Medical Center,    Po Box 603396,    Charlotte, NC 28260-3396
14909407       ##+Northwest Consumer Discount Co.,    16 North Second Street,    Clearfield, PA 16830-2439
                                                                                TOTALS: 2, * 2, ## 1
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update.
While the notice was still deliverable, the notice recipient was advised to update its address with the court
immediately.

```
District/off: 0315-7           User: jhel              Page 2 of 2            Date Rcvd: Nov 16, 2018
                               Form ID: 149            Total Noticed: 30
```

***** BYPASSED RECIPIENTS (continued) *****

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 18, 2018                                    Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on November 16, 2018 at the address(es) listed below:
```
              James   Warmbrodt    on behalf of Creditor    Select Portfolio Servicing as servicer for The Bank of
               New York Mellon, successor to JPMorgan Chase Bank, N.A., as trustee, on behalf of the registered
               holders of Bear Stearns Asset Backed Securities bkgroup@kmllawgroup.com
              Kenneth P. Seitz    on behalf of Debtor Kelley C Rayba thedebterasers@aol.com
              Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
              Ronda J. Winnecour    cmecf@chapter13trusteewdpa.com
                                                                                             TOTAL: 4
```